MERRIMAN S. SMITH, Judge.
In 1929 claimants built a story and one-half stucco dwelling on two lots on a slope adjoining the north side of the right of way of the national road in Liberty district, Ohio county, West Virginia, near the Pennsylvania state line. In 1941 the state road commission widened the highway from 18 feet to 22 feet and dug a ditch about 1 feet deep alongside the berm, which was about 8 feet wide, in front of the claimants’ property. The front porch has pulled away from the house and there are breaks in the porch pillars, cracks in the flagstone walk and tilting of two willow trees in the front yard, in addition to three or four cracks running parallel across the lawn, for all of which the claimants are seeking damages to the extent of $2500.00.
The members of the court made a personal inspection of the property and the majority of the court found that neither *201 the center line or the grade of the highway was changed when it was widened about 4 feet in 1940-41; that the right of way extends 33 feet from the center of the road on each side; that the ditch was about 12 feet from the right of way line and that of claimants’ property.
When the house was built excavation was made for a full-size basement and for a coal bin under the porch and the dirt was thrown out in front to fill in the lawn. About a year after the house was built one Mr. Slater testified that he was employed to grade and sod the lawn. At this time there was a crack in the loose soil so he put a used telephone pole about 25 feet long in a horizontal position at the bottom of the loose or filled-in dirt, and placed five posts in a vertical position to hold the pole in position and to keep the filled-in dirt from slipping. About ten feet from the Sechini’s west property line the road commission did excavate practically to the right of way line in order to put in a culvert to carry off the water from the ditch, and upon personal observation there is no cracking or slipping of the native soil on this adjoining lot. After a careful inspection of the property and due consideration to all the testimony, the- majority opinion of this court is that the work done by the state in 1941 did not impair in any way the lateral support of the adjoining property of the claimants, and that whatever damage was sustained by them is due solely to the slipping and settling of the filled-in dirt deposited on the native soil in levelling and grading of the slope for the lawn.
Any claim for damage or an award is denied by majority members of this court and due deference is taken to the views of Judge Schuck, who will file a dissenting opinion.